1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRUCE DIXON,                               No.  2:15-cv-1039 AC P

12                   Plaintiff,

13         v.                                    ORDER

14    M. KROENLEIN, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has

19    consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28

20    U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

21         I.    Plaintiff's Current Address

22         As an initial matter, the docket reflects that plaintiff is housed at the California State

23    Prison-Sacramento.  However, the Inmate Locator website operated by the California Department

24    of Corrections and Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at the

25    California Medical Facility.[1]  It appears that plaintiff has not complied with Local Rule 183(b)

26    _____

27    [1]  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate
      determination by sources whose accuracy cannot reasonably be questioned); see also City of
      Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a
28    record of a state agency not subject to reasonable dispute.").

                                          1

1   which requires that a party appearing in propria persona inform the court of any address change.

2   The Clerk of the Court will be directed to serve a copy of this order on plaintiff at both his

3   address of record and at the California Medical Facility and plaintiff will be required to file a

4   notice advising the court of his current address.  Plaintiff is advised that failure to notify the court

5   of his current address, or to notify the court if his address changes in the future, may result in

6   dismissal of this case for failure to prosecute.

7       II.      Application to Proceed In Forma Pauperis

8           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

9   1915(a).  ECF No. 3.  Accordingly, the request to proceed in forma pauperis will be granted.

10          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

11  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

12  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

13  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

14  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

15  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

16  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

17  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

18  1915(b)(2).

19      III.     Statutory Screening of Prisoner Complaints

20          The court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

25  This standard also applies to complaints brought by non-prisoners that are proceeding pro se.  28

26  U.S.C. § 1915(e)(2).

27          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

IV.    Complaint

Plaintiff alleges that he was placed on suicide watch on March 22, 2014, after attempting

3

1   to hang himself.  ECF No. 1 at 4-5, ¶ 11.  On March 24, 2014, while still on suicide watch,

2   plaintiff became depressed and began cutting himself.  Id.  A nursing assistant reported plaintiff's

3   behavior to defendant Lynch and defendant Lynch allegedly told the assistant to stop reporting

4   plaintiff's attempts at self-harm and to tell plaintiff to cut himself deeper.  Id.  The next day,

5   defendant Kroenlein removed plaintiff from suicide watch without conducting a psych evaluation

6   and later that day plaintiff attempted to hang himself again.  Id.  After plaintiff's suicide attempt,

7   he got to talk to defendant Kroenlein and explained about his issues.  Id.  A correctional officer

8   also told her that plaintiff had been trying to hurt himself and that it would be best if he was on

9   suicide watch.  Id.  Defendant Kroenlein instead put plaintiff in a strip cell.  Id.

10          Between March 25, 2014, and March 26, 2014, while plaintiff was in the strip cell, he

11   attempted to strangle himself three times, cut himself, and banged his head against the cell door.

12   Id. at 5, ¶ 12.  Plaintiff's self-harm attempts were witnessed by various medical staff but, under

13   orders from defendant Kroenlein, failed to take any preventative measures or place him on suicide

14   watch.  Id., ¶¶ 12, 15.  On March 26, 2014, plaintiff also swallowed a sharpened screw in front of

15   defendant Chris, who did nothing to document or report plaintiff's behavior.  Id.

16          Plaintiff was transferred to a crisis bed on March 27, 2014, and was there until April 3,

17   2014.  Id., ¶ 13.  While there, plaintiff was under the care of defendant Silar.  Id.  Plaintiff alleges

18   that defendant Silar knew he had swallowed a screw, and that he could use that screw to harm

19   himself once it passed through his system, but did nothing.  Id.  He also alleges that he cut

20   himself numerous times while under defendant Silar's care and that defendant Silar ordered the

21   nurses to not give plaintiff any preventative help and to not place him on suicide watch.  Id., ¶ 15.

22   Defendants Montoya and Diciro were allegedly mental health supervisors.  Id.

23          V.      Eighth Amendment – Deliberate Indifference

24          A.      Legal Standard

25          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

26   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

27   1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires

28   plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "'knows of and disregards an *excessive risk* to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

B.     Failure to State a Claim

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal

1  participation if the official implemented "a policy so deficient that the policy itself is a

2  repudiation of the constitutional rights and is the moving force of the constitutional violation."

3  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

4  marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

5        Plaintiff's only allegation against defendants Montoya and Diciro is that they were head

6  supervising mental health providers.  ECF No. 1 at 5, ¶ 15.  This is insufficient to state a claim of

7  relief against either defendant.  Plaintiff has not alleged any facts that would show that either

8  defendant participated in the deprivation of his rights or knew about the violations and failed to

9  take action to stop them.  The claims against these defendants will therefore be dismissed with

10  leave to amend.

11        C.      Claims for Which a Response Will Be Required

12        Plaintiff alleges that defendant Lynch ordered an assistant to stop reporting plaintiff's acts

13  of self-harm and to encourage plaintiff to cut himself deeper.  ECF No. 1 at 4, ¶ 11.  He further

14  alleges that defendants Kroenlein and Silar were aware of his suicide attempts and acts of self-

15  harm but refused to provide appropriate care, place him on suicide watch, or take other

16  preventative action and ordered other mental health staff to not take any action.  Id. at 4-5, ¶¶ 11-

17  15.  Finally, he alleges that defendant Chris watched him swallow a sharpened screw, but failed to

18  report or document the incident, even though the screw could be used by plaintiff for self-harm

19  once it passed through his system and could potentially cause harm while inside of plaintiff.  Id.

20  at 5, ¶¶ 12-13.  These allegations are sufficient to state a claim for violation of plaintiff's Eighth

21  Amendment rights and these defendants will be required to respond to the complaint.

22        VI.      Leave to Amend

23        For the reasons set forth above, the court finds that the complaint does not state

24  cognizable claims against defendants Montoya and Diciro.  However, it appears that plaintiff may

25  be able to allege facts to remedy this and he will be given the opportunity to amend the complaint

26  if he desires.

27        Plaintiff may proceed forthwith to serve defendants Kroenlein, Lynch, Chris, and Silar on

28  his claims that they failed to provide appropriate mental health care or he may delay serving any

1  defendant and amend the complaint to attempt to state cognizable claims against defendants

2  Montoya and Diciro.

3      Plaintiff will be required to complete and return the attached notice advising the court how

4  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

5  file an amended complaint.  If plaintiff elects to proceed on his claims against defendants

6  Kroenlein, Lynch, Chris, and Silar without amending the complaint, the court will send him the

7  necessary forms for service of the complaint and the claims against defendants Montoya and

8  Diciro will remain dismissed without prejudice.

9      If plaintiff chooses to file a first amended complaint, he must demonstrate how the

10  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo,

11  423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant

12  is involved.  Arnold v. International Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

13  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

14  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

15  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

16  participation in civil rights violations are not sufficient."  Ivey, 673 F.2d at 268 (citations

17  omitted).

18      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

19  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

20  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

22  1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

23  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

24  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

25  original complaint no longer serves any function in the case.  Therefore, in an amended

26  complaint, as in an original complaint, each claim and the involvement of each defendant must be

27  sufficiently alleged.

28  ////

7

1    VII.    Summary

2          Plaintiff must notify the court of his current address.  If plaintiff does not notify the court

3    of his current address and keep the court updated when his address changes, this case may be

4    dismissed for failure to prosecute.

5          Plaintiff's motion for leave to proceed in forma pauperis is granted.

6          Some of the allegations in the complaint state claims against the defendants and some do

7    not.  Plaintiff's allegations that defendants Kroenlein, Lynch, Chris, and Silar violated his Eighth

8    Amendment rights by not providing proper mental health treatment state a claim.  The defendants

9    will be required to respond to these allegations.

10          Plaintiff's claim that defendants Montoya and Diciro were mental health supervisors does

11   not state a claim because plaintiff has not shown that these defendants were involved in the

12   violation of his rights or knew that the people they were supervising were violating plaintiff's

13   rights and failed to stop them.  The fact that they were supervisors is not enough to make them

14   liable for the alleged violation of plaintiff's rights.  These claims will be dismissed with leave to

15   amend.

16          If plaintiff wants, he can either (1) proceed immediately on his claims against defendants

17   Kroenlein, Lynch, Chris, and Silar or (2) try to amend the complaint to state claims against

18   defendants Montoya and Diciro.  If plaintiff wants to go forward without amending the

19   complaint, his claims against defendants Montoya and Diciro will remain dismissed without

20   prejudice.  If plaintiff chooses to amend his complaint, the first amended complaint must include

21   all of the claims plaintiff wants to make, including the ones that have already been found to state

22   a claim, because the court will not look at the claims or information in the original complaint.  In

23   other words, any claims not in the first amended complaint will not be considered.  Plaintiff must

24   complete the attached notification showing what he wants to do and return it to the court.  Once

25   the court receives the notice, it will issue an order telling plaintiff what he needs to do next (i.e.

26   file an amended complaint or complete and return service paperwork).

27          In accordance with the above, IT IS HEREBY ORDERED that:

28          1.  The Clerk of the Court is directed to serve this order on plaintiff at his address of

1   record and at the California Medical Facility, P.O. Box 2000, Vacaville, CA 95696-2000.

2        2.  Within twenty-one days of service of this order, plaintiff must notify the court of his

3   current address.

4        3.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5        4.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

6   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10        5.  Plaintiff's claims against defendants Montoya and Diciro are dismissed with leave to

11   amend.

12        6.  Plaintiff has the option to proceed immediately on his Eighth Amendment claims

13   against defendants Kroenlein, Lynch, Chris, and Silar as set forth in Section V.C. above, or to

14   amend the complaint.

15        7.  Within twenty-one days of service of this order, plaintiff shall complete and return the

16   attached form notifying the court whether he wants to proceed on the screened complaint or

17   whether he wants to file a first amended complaint.

18   DATED: April 27, 2016

19   

20   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRUCE DIXON,                              No.  2:15-cv-1039 AC P

12              Plaintiff,

13        v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
14   M. KROENLEIN, et al.,

15              Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against

19        defendants Kroenlein, Lynch, Chris, and Silar without amending the complaint.  Plaintiff

20        understands that going forward without amending the complaint means that his claims

21        against defendants Montoya and Silar will remain dismissed without prejudice.

22

23   _____ Plaintiff wants to amend the complaint.

24

25   DATED:_____

26                                        _____
                                          BRUCE DIXON
27                                        Plaintiff pro se

28

                                          1