1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRUCE M. DIXON,                              No.  2:15-cv-1039 AC P

12                  Plaintiff,

13          v.                                    ORDER

14   M. KROENLEIN, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel.

19          The United States Supreme Court has ruled that district courts lack authority to require

20   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

21   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

22   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24          "When determining whether 'exceptional circumstances' exist, a court must consider 'the

25   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

26   *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

27   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

28   of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

                                                  1

1  most prisoners, such as lack of legal education and limited law library access, do not establish

2  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

3          Plaintiff cites his lack of legal education and limited law library access, as well as the

4  alleged deprivation of his constitutional rights and the fact that defendants will be represented by

5  counsel, as cause for appointing counsel in this case.  ECF No. 17.  These circumstances are

6  common to most prisoners and do not constitute exceptional circumstances.  Additionally,

7  plaintiff has already demonstrated an ability to articulate his claims and at this early stage the

8  court is unable to evaluate his likelihood of success.  For these reasons, the court does not find the

9  required exceptional circumstances at this time.

10         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

11  counsel (ECF No. 17) is denied.

12  DATED:  September 9, 2016.

13

14

ALLISON CLAIRE
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28