UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE M. DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. KROENLEIN, et al.,<br><br>    Defendants. | No. 2:15-cv-1039 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 27. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff asserts that he requires assistance of counsel because he is a mental health patient and requires a staff assistant during disciplinary hearings and classification committee meetings. ECF No. 27 at 1. He further claims that he has limited access to the law library, that the inmate that was assisting him has been paroled, and there are no "jail lawyers" willing to assist him with his case. Id. The issues identified by plaintiff are circumstances experienced by most prisoners and are therefore not exceptional. With respect to his mental health claims, plaintiff has not shown that his mental health status impairs him such that he is incapable of proceeding without assistance of counsel. Up to this point he has shown that he is capable of articulating and defending his claims without assistance and there is currently nothing to be done in this case until defendants have been served and responded to the complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice.

DATED: September 28, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE